UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Carlos Gonzalez, #217075, ) | |
| ) | C/A No. 0:06-3464-GRA-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Jon E. Ozmint, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on January 4, 2007. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on December 11, 2006. This is Petitioner's third action filed under 28 U.S.C. § 2254. The magistrate recommends dismissing this successive petition without prejudice and without requiring Respondent to file a return. The magistrate further recommends DENYING Petitioner's application to proceed *in forma pauperis*. For the reasons stated below, the magistrate's Report is ADOPTED, and the above-captioned action is DISMISSED without prejudice and without requiring Respondent to file a return.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

1

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.

*Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner timely filed objections on January 26, 2007.

Petitioner raises the following objections to the magistrate's Report and Recommendation: (1) "Respondent is required to plead 'abuse of the writ,' and with particularity, before a petitioner's successive habeas claim is subject to summary dismissal;" (2) "28 U.S.C. § 2244(b) subjects a subsequent habeas petition to summary dismissal only where the prior petition was denied after a 'hearing on the merits;'" and (3) "None of the grounds raised in petitioner's instant habeas action constituted an abuse of the writ." Objections, p. 1. It appears to this Court that Petitioner grounds his objections on improper law, as the arguments raised in his objections are based on outdated versions of both of 28 U.S.C. § 2244(b) and Rule 9(b) of the Rules Governing Section 2254 Cases.

"Before the Anti-Terrorism and Effective Death Penalty Act was enacted, review of successive applications was governed by the abuse of the writ doctrine." *In Re Williams*, 364 F.3d 235, 239 (4th Cir. 2004). However, in 1996, as part of the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(b) was modified to impose certain limits on review of successive 28 U.S.C. § 2254 petitions: "(1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244 (b)(1). This modification replaced the portion of § 2244 cited by Petitioner in his objection involving "a hearing on the merits."

3

This is Petitioner's third § 2254 petition for relief.[1] In each petition, Petitioner has raised the same issues challenging his convictions and sentences for trafficking cocaine, possession with intent to distribute cocaine, and possession of a controlled substance. Therefore, the mandatory language of the current version of 28 U.S.C. § 2244(b)(1) applies, and the magistrate judge was proper in recommending dismissal of this case.

Petitioner also cites a superseded version of Rule 9(b) of the Rules Governing Section 2254 Cases. Rule 9(b) of the 1976 Code was amended in December of 2004. Rule 9, as amended, now reads: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." As the magistrate judge correctly noted, Petitioner has failed to obtain leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in this case.

---

[1] Petitioner asserts in his objections that he has only filed one previous petition under § 2254. He further argues that the magistrate judge "should have supported the assertion of two prior filings by providing the dates they were allegedly filed, the case number assigned to both of them, and the dates of their summary dismissal." Objections, p. 2. The magistrate judge is not required to list the dates and case numbers of previous petitions. However, the magistrate was correct in his determination that Petitioner had filed two previous § 2254 petitions. Petitioner first filed a § 2254 petition on June 12, 2001 (C/A No. 0:01-cv-02576-CWH). The second petition under § 2254 was filed on July 21, 2004 (C/A No. 2:04-cv-2420-GRA). In both cases, summary judgment was entered for the respondents.

4

Though Petitioner is proceeding *pro se* and his pleadings are liberally construed, this Court has no authority to craft objections for the Petitioner or correct fundamental errors in his pleadings. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Therefore, Petitioner's objections are based on improper law and are without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Petitioner's successive petition pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice and without requiring Respondent to file a return.

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* should be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 7, 2007

Anderson, South Carolina

5

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.